UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RIASAT MOBASHER, MEHJABEEN SULTAN,
and SAADAT SETHI,

                      Plaintiffs,

          - against -

WYETH VACCINES,

                      Defendant.
---------------------------------------------------------

04 Civ. 3948 (CLB)

*Memorandum and Order*

Brieant, J.

      By motion filed on March 18, 2005 (Doc. #17), heard and fully submitted on April 22, 2005, Plaintiff Mehjabeen Sultan moves under Fed. R. Civ. P. 37 for sanctions against Defendant Wyeth Vaccines for alleged spoilation of evidence, and requests a default judgment. Opposition papers were filed on March 21, 2005.

      The Plaintiff was employed as a chemist by the Defendant until January 15, 2003, when she was terminated, allegedly for improper data deletion on a UV Spectrophotometer ("the machine"), and for allegedly making an improper duplicate reading. These acts are claimed to have occurred on December 12, 2002, and eye-witnesses are said to exist. The Plaintiff claims that these reasons were a pretext for discrimination. On January 24, 2003, she wrote a letter to the Defendant requesting that the machine be preserved for investigation. On June 24, 2003, Plaintiff filed her charge of discrimination with the EEOC, alleging national origin discrimination.

      The machine and its attached PC hard drive were decommissioned and replaced in August 2003. On December 19, 2002, the Defendant had archived the data contained within the hard

-1-

drive onto zip drives and then deleted the information from the machine's hard drive. A copy of these archived zip drive files was provided to the Plaintiff on March 15, 2005. Plaintiff argues that the "mere act of backing-up the files does not excuse Wyeth's destruction of the machine. . . ."

Spoilation occurs when evidence is deliberately destroyed, altered significantly, or when after notice, a party fails to preserve property for another's use as evidence in a pending or foreseeable litigation. *See West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2nd Cir. 1999). Sanctions for spoilation are intended to (1) deter spoilation; (2) place the risk of a wrongful judgment on the party who committed the spoilation; and (3) restore the wronged party to the position he or she would otherwise have had. *See id. at 779*. If the Court finds that spoilation has occurred, it may instruct the jury that an adverse inference may be drawn as to the destroyed evidence. *See Brynie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 108 (2nd Cir. 2001).

To support an adverse inference, the party seeking the inference must first show that the party in control of the potential evidence had an obligation to preserve the evidence at the time it was destroyed. Defendant argues that it had no obligation to preserve the data on the actual physical hard drive as of December 19, 2002. Plaintiff does not claim otherwise. Rather, she asserts that the critical evidence was the machine itself and its hard drive. The Defendant does not dispute that it was aware, as of January 24, 2003, that the Plaintiff wanted the machine itself preserved for inspection.

While our Court of Appeals uses a case-by-case method in determining the mental state required for spoilation, *see Reilly v. Natwest Mkts. Group Inc.,* 181 F.3d 253, 267 (2nd Cir. 1999), the Defendant's mental state is not at issue in this case. The Defendant concedes that it disposed of the machine and its hard drive intentionally. Although the hard drive had presumably been deleted many times prior to August, 2003, and all the files as they are claimed to have existed December 12, 2002 were provided to the Plaintiff in discovery, the Plaintiff claims that the machine and its hard drive could have provided information that the zip drives cannot. Plaintiff claims that archived zip drives do not record whether information has been deleted, while the actual hard drive would have.

This issue cannot be resolved at this time and on the present record. It is unclear whether the machine itself or its hard drive is essential to determining whether a data deletion was performed by the Plaintiff. It is unclear why the machine itself would be important, because it is not a storage medium. Only the machine's hard drive stores information. The Defendant claims that the entire contents of this hard drive was archived on the zip drives. It is likely that the archived zip drive files contain all the information which would otherwise have been on the hard drive on December 19, 2002. Archiving files is done to preserve information, not to destroy information. Plaintiff's claim that zip drives do not save information relevant to determining whether deletions have occurred cannot be resolved at this time. These issues may present a "battle of the experts" at trial.

The Defendant argues that the hard drive would not be relevant to the separate charge that Plaintiff made duplicate readings. While it may not be directly relevant to prove that the Plaintiff

did or did not perform duplicate readings, evidence that a deletion had not occurred would affect the credibility of the eye-witnesses to the events of December 12, 2002. The jury could believe reasonably that if these witnesses are incredible as to the charge of improper deletions, they are incredible as well as to the charge of making duplicate readings. These charges are not mutually exclusive.

## Conclusion

Motion denied without prejudice. Plaintiff may renew her motion for an adverse inference jury instruction at the conclusion of trial, upon a full development of the record.

X

    X

        X

           X

              X

SO ORDERED.

Dated: White Plains, New York
       May 2, 2005

_____
Charles L. Brieant, U.S.D.J.

SO ORDERED.

Dated: White Plains, New York
      May 2, 2005

                                                    _____
                                                    Charles L. Brieant, U.S.D.J.